1  Francisca M. Mok (SBN: 206063)
   fmok@reedsmith.com
2  Reed Smith LLP
   1901 Avenue of the Stars, Suite 700
3  Los Angeles, CA 90067
   Tel: (310) 734-5200
4  Fax: (310) 734-5299

5  Thomas H. Suddath, Jr. (*pro hac vice*)
   tsuddath@reedsmith.com
6  Reed Smith LLP
   2000 One Liberty Place
7  1650 Market Street
   Philadelphia, PA 19103
8  Tel: (215) 851-8100
   Fax: (215) 851-1420

9
   Attorneys for Defendant DJO LLC
10
   Dean Hansell (SBN: 93831)
11 dean.hansell@hoganlovells.com
   Hogan Lovells US LLP
12 1999 Avenue of the Stars, Suite 1400
   Los Angeles, CA 90067
13 Tel: (310) 785-4600
   Fax: (310) 785-4601

14
   Michele W. Sartori (*pro hac vice*)
15 Jessica L. Ellsworth (*pro hac vice*)
   michele.sartori@hoganlovells.com
16 jessica.ellsworth@hoganlovells.com
   Hogan Lovells US LLP
17 555 Thirteenth Street, NW
   Washington, DC 20004
18 Tel: (202) 637-5600
   Fax: (202) 637-5910

19 Attorneys for: Biomet, Inc. and
   EBI LLC f/k/a EBI LP
20

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA *ex rel*. Doris Modglin and Russ Milko, *et al*.,**<br><br>Plaintiffs,<br><br>v.<br><br>**DJO GLOBAL, INC., *et al*.,**<br><br>Defendants. | Case No. CV12-7152-MMM (JCGx)<br><br>**DEFENDANTS DJO LLC, BIOMET, INC., AND EBI LLC f/k/a EBI LP'S JOINT NOTICE OF MOTION AND MOTION TO STAY DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Complaint Filed:  October 20, 2012<br>FAC Filed:          October 10, 2013 |

| | |
|---|---|
| SAC Filed: | November 8, 2013 |
| Proposed Hearing Date: | March 10, 2014 |
| Time: | 9:00 a.m. |
| Place: | Courtroom 780 |

Honorable Margaret M. Morrow

[Filed concurrently with [Proposed] Order Granting Motion to Stay Discovery; Stipulation Regarding Hearing on Defendants' Motion to Stay Discovery; [Proposed] Order Setting Hearing]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| 1 | **JOINT NOTICE OF MOTION AND MOTION TO STAY DISCOVERY** |
| 2 | **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:** |

**PLEASE TAKE NOTICE THAT** on March 10, 2014, at 9:00 a.m., or as soon thereafter as the matter may be heard by the Court, in Courtroom 780 before the Honorable Margaret M. Morrow, defendants DJO LLC, Biomet, Inc., and EBI LLC f/k/a EBI LP ("Defendants") will and hereby do move the Court for an order staying discovery pending resolution of Defendants' Joint Motion to Dismiss the Second Amended Complaint based on Fed. R. Civ. P. 9(b) and 12(b)(6).

Defendants base this joint motion on this Joint Notice of Motion and Motion, the attached Memorandum of Points and Authorities, all pleadings and papers filed in this action, oral argument of counsel, and any other matters that may come before the Court.

Defendants make this motion following the conference of counsel pursuant to L.R. 7-3, which took place on January 23, 2014. Despite their good faith efforts, counsel were unable to resolve the issues raised in this motion.

Dated: January 30, 2014    REED SMITH LLP

/s/ Francisca M. Mok[1]
Francisca M. Mok (SBN: 206063)
Thomas H. Suddath, Jr. (*pro hac vice*)
*Attorneys for Defendant DJO LLC*

Dated: January 30, 2014    HOGAN LOVELLS US LLP

/s/ Dean Hansell
Dean Hansell (SBN: 93831)
Michele W. Sartori (*pro hac vice*)
Jessica L. Ellsworth (*pro hac vice*)
*Attorneys for Biomet, Inc. and
EBI LLC f/k/a EBI LP*

---

[1] Pursuant to Local Rule 5-4.3.4(2)(i), filing counsel attests that all other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION ................................................................................................... 1

PROCEDURAL BACKGROUND .......................................................................... 2

ARGUMENT ........................................................................................................... 3

I. THE COURT HAS AUTHORITY TO STAY DISCOVERY PURSUANT TO RULE 26(c) ............................................................... 3

II. THE FALSE CLAIMS ACT PRECLUDES RELATORS FROM USING THE DISCOVERY PROCESS TO CURE RULE 9(b) DEFICIENCIES ............................................................... 5

III. THE REQUESTED STAY OF DISCOVERY WILL NOT PREJUDICE RELATORS .............................................................. 8

CONCLUSION ....................................................................................................... 8

# TABLE OF AUTHORITIES

**Page**

**CASES:**

*APL Co. Pte. Ltd. v. UK Aerosols Ltd, Inc.*,
   452 F. Supp. 2d 939 (N.D. Cal. 2006) .................................................................. 4

*B. R. S. Land Investors v. United States*,
   596 F.2d 353 (9th Cir. 1978) ................................................................................ 3

*Bly-Magee v. California*,
   236 F.3d 1014 (9th Cir. 2001) ........................................................................... 5, 6

*Clancy v. The Bromley Tea Co.*,
   No. 12-CV-03003-JST, 2013 WL 4081632 (N.D. Cal. Aug. 9, 2013) ................ 7

*CMAX, Inc. v. Hall*,
   300 F.2d 265 (9th Cir. 1962) ................................................................................ 3

*Gibbs v. Carson*,
   No. C-13-0860, 2014 WL 172187 (N.D. Cal. Jan. 15, 2014) .............................. 4

*Hall v. Tilton*,
   No. 07-3233, 2010 WL 539679 (N.D. Cal. Feb. 9, 2010) ................................... 4

*IPVX Patent Holdings, Inc. v. 8X8, Inc.*,
   No. 13-01707, 2013 WL 6000590 (N.D. Cal. Nov. 12, 2013) ............................ 8

*Jarvis v. Regan*,
   833 F.2d 149 (9th Cir. 1987) ................................................................................ 5

*Kennedy v. Full Tilt Poker*,
   No. 2:09-cv-07964, D.E. 71, Minute Order (C.D. Cal. May 6, 2010) ................ 7

*Landis v. N. Am. Co.*,
   299 U.S. 248, 57 S. Ct. 163, 81 L. Ed. 153 (1936) ............................................. 3

*Little v. City of Seattle*,
   863 F.2d 681 (9th Cir. 1988) ................................................................................ 3

*Rae v. Union Bank*,
   725 F.2d 478 (9th Cir. 1984) ................................................................................ 5

*Rutman Wine Co. v. E. & J. Gallo Winery*,
   829 F.2d 729 (9th Cir. 1987) ............................................................................ 1, 4

*State of Cal. ex rel. Mueller v. Walgreen Corp.*,
　175 F.R.D. 638 (N.D. Cal. 1997) ........................................................................... 6

*Taylor v. Los Angeles Police Dep't*,
　No. 99-0383, 1999 WL 33101661 (C.D. Cal. Nov. 10, 1999) ........................... 4

*U.S. ex rel. Atkins v. McInteer*,
　470 F.3d 1350 (11th Cir. 2006) ............................................................................ 6

*U.S. ex rel. Cafasso v. General Dynamics C4 Sys., Inc.*,
　637 F.3d 1047 (9th Cir. 2011) ............................................................................. 6

*U.S. ex rel. Grubbs v. Kanneganti*,
　565 F.3d 180 (5th Cir. 2009) ................................................................................ 6

*U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp.*,
　360 F.3d 220 (1st Cir. 2004) ................................................................................ 6

*U.S. ex rel. Liotine v. CDW-Government, Inc.*,
　No. 05-033, 2009 WL 720958 (S.D. Ill. Mar. 18, 2009) .................................... 7

*U.S. ex rel. Lusby v. Rolls-Royce Corp.*,
　No. 1:03-CV-0680, 2007 WL 4557773 (S.D. Ind. Dec. 20, 2007) .................... 7

*U.S. ex rel. Roop v. Hypoguard USA, Inc.*,
　559 F.3d 818 (8th Cir. 2009) ................................................................................ 6

*U.S. ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Ga.*, 755 F. Supp. 1040 (S.D. Ga. 1990) ................................................ 7

*Wenger v. Monroe*,
　282 F.3d 1068 (9th Cir. 2002) ............................................................................. 4

*Wood v. McEwen*,
　644 F.2d 797 (9th Cir. 1981) ............................................................................... 3

**RULES:**

Fed. R. Civ. P. 9(b) ........................................................................................... *passim*

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 1, 3

Fed. R. Civ. P. 26(c) ............................................................................................. 1, 3

DEFENDANTS DJO LLC, BIOMET, INC., AND EBI LLC F/K/A EBI LP'S JOINT NOTICE OF MOTION AND MOTION TO STAY DISCOVERY; MEMO. OF POINTS AND AUTHORITIES

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Defendants DJO LLC, Biomet, Inc., and EBI LLC f/k/a EBI LP ("Defendants") respectfully move this Court to stay discovery in this action pending resolution of the Defendants' Motion to Dismiss the Second Amended Complaint ("SAC"). *See* Docket Entry ("D.E.") 46 (filed Jan. 20, 2014). Defendants' motion seeks dismissal of the SAC in its entirety, with prejudice to Relators Doris Modglin and Russ Milko ("Relators"). It raises multiple pleading deficiencies in the SAC, including Relators' failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and their failure to plead fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

As explained below, good cause exists under Federal Rule of Civil Procedure 26(c) for the entry of an order staying discovery until the pending motion to dismiss is resolved. That pending motion raises substantial challenges to the viability of Relators' theory of liability as well as the insufficiency of the pleading of all of Relators' claims, and if granted, there will be no need for any discovery in this matter. In addition, there is no need for discovery to resolve that pending motion.

Courts have consistently recognized the appropriateness of staying discovery in light of a pending motion challenging the legal viability of a complaint. In that situation, which is squarely presented here, granting a motion to stay discovery avoids unnecessary discovery costs, preserves judicial resources, and deters discovery disputes and abuses. Put simply, "[t]he purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). As a result, "[i]t is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Id.* Courts also have repeatedly recognized that only *qui tam* plaintiffs with actual knowledge

of fraud can proceed with litigation in the name of the government under the False Claims Act and have rejected attempts to use the discovery process to "boot-strap" defectively pled complaints. As a result, courts regularly find that good cause exists to stay discovery where one of the questions requiring the Court's resolution is whether a relator can sufficiently plead a False Claims Act cause of action under Rule 9(b). Finally, courts also regularly order a stay of discovery where, as here, no party will be prejudiced by a stay until the court resolves a motion to dismiss and establishes the scope of the case, if any, that remains.

## PROCEDURAL BACKGROUND

Defendants DJO LLC and EBI LLC f/k/a EBI L.P. manufacture and market non-invasive spinal bone growth stimulators, and Defendant Biomet, Inc. owns EBI. Relators describe themselves as a former employee of one of Defendants' competitors who now is a distributor for that competitor (Milko) and a "private investigator" (Modglin). SAC ¶¶ 3, 35. They filed this suit under seal in August 2012, *see* D.E. 1, and the United States and all of the states on whose behalf they purport to be litigating this case have declined to intervene. D.E. 9, Declination of United States (May 15, 2013); D.E. 12, Declination of States (July 19, 2013). Relators' 29-count SAC asserts that Defendants have violated the False Claims Act and parallel state statutes by submitting claims to the government for "off-label" uses of their devices. The claims that they seek to litigate were submitted over the course of more than a decade (since 2001) and nationwide.

As detailed in the pending motion to dismiss, Relators' SAC advances an unsupported theory that courts have repeatedly rejected. They assert that Medicare coverage rules prohibit reimbursement for Defendants' FDA-approved devices for any use other than the specific use that FDA approved through the pre-market approval process—despite the fact that the relevant Medicare coverage determinations contain no such condition and despite the fact that the FDA itself, the Supreme Court, the Ninth Circuit, and this Court have all recognized that

physicians can use their medical judgment to prescribe FDA-approved devices for both "on-label" and "off-label" uses. Count 1 asserts that Defendants violated the False Claims Act by submitting claims that did not disclose that a physician ordered the device for off-label use and by failing to possess FDA approval to sell their devices for off-label uses. SAC ¶¶ 53-54. Counts 2 through 29 assert parallel causes of action under various state false claims statutes.

On January 20, 2014, Defendants filed a joint motion to dismiss the SAC in its entirety, including for Relators' failure to state a claim under Rule 12(b)(6) and to plead fraud with the particularity required by Rule 9(b). D.E. 46. That motion is set for a hearing on May 5, 2014.

## ARGUMENT

### I. THE COURT HAS AUTHORITY TO STAY DISCOVERY PURSUANT TO RULE 26(c).

It is well-settled that the Court has the power to control its docket for the purpose of "economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936); *see also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery. Such rulings will not be overturned unless there is a clear abuse of discretion."); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) ("A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants."). In addition to the Court's inherent power to stay discovery, Fed. R. Civ. P. 26(c) explicitly authorizes a stay of discovery for good cause. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) ("A district court may limit discovery 'for good cause', Rule 26(c)(4), Federal Rules of Civil Procedure, and may continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief.") (citing *B. R. S. Land Investors v. United States*, 596 F.2d 353 (9th Cir. 1978)).

- 3 -
DEFENDANTS DJO LLC, BIOMET, INC., AND EBI LLC F/K/A EBI LP'S JOINT NOTICE OF MOTION AND MOTION TO STAY DISCOVERY; MEMO. OF POINTS AND AUTHORITIES

1  In determining whether there is good cause for a stay of discovery, the Court
2  should "balance the interests in allowing discovery against the relative burdens to
3  the parties (and nonparties)." *Taylor v. Los Angeles Police Dep't*, 1999 WL
4  33101661, at *7 (C.D. Cal. Nov. 10, 1999). Here, that balance plainly supports a
5  limited stay of discovery until the pending motion to dismiss is resolved.

6  First, it is well established that a "plaintiff is required to state a viable claim
7  at the outset, not allege deficient claims and then seek discovery to cure the
8  deficiencies." *APL Co. Pte. Ltd. v. UK Aerosols Ltd, Inc.,* 452 F. Supp. 2d 939, 945
9  (N.D. Cal. 2006); *accord Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002)
10 (affirming stay of discovery pending resolution of motion to dismiss filed pursuant
11 to Rule 12(b)(6)); *Hall v. Tilton*, 2010 WL 539679, at *2 (N.D. Cal. Feb. 9, 2010)
12 ("A district court has broad discretion to stay discovery pending the disposition of a
13 dispositive motion.").

14 Second, Relators' SAC broadly alleges a more-than-decade-plus fraud
15 committed nationwide on the federal and state governments operating federal health
16 care programs. Any discovery Relators seek on such wide-ranging allegations
17 would inevitably be similarly broad in scope. But the need for any discovery—let
18 alone such costly and unwieldy discovery—will be obviated if the Court grants the
19 pending motion to dismiss. Thus a limited stay of discovery until the motion to
20 dismiss is resolved will avoid Defendants being forced to unnecessarily expend
21 time and resources responding to discovery requests on a deficiently-pled
22 complaint. *E.g.*, *Rutman Wine Co.*, 829 F.2d at 738 ("[I]f the allegations of the
23 complaint fail to establish the requisite elements of the cause of action, our
24 requiring costly and time consuming discovery and trial work would represent an
25 abdication of our judicial responsibility.").

26 Third, the pending motion to dismiss may resolve this case in its entirety, and
27 it does not require any discovery to resolve. *E.g., Gibbs v. Carson*, 2014 WL
28 172187, at *3 (N.D. Cal. Jan. 15, 2014) (discussing these two factors in granting

- 4 -

discovery stay); *see also Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) ("Discovery is only appropriate where there are factual issues raised by a Rule 12(b) motion"); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (same).

Fourth, there is good cause for a stay to conserve the Court's resources. If the motion to dismiss is granted and the case is dismissed, the Court will not have to oversee and resolve any discovery issues or case management issues that may arise.

Fifth, as set forth more fully below, a limited stay of discovery will not impose any unfair prejudice on Relators. Just the opposite: proceeding with discovery at this point will force Defendants to bear a disproportionate and unfair burden because they will be forced to respond to expensive, time-consuming discovery requests on purportedly "nationwide" causes of action spanning more than a decade that are deficiently pled.

For all of these reasons, there is good cause for a limited stay of discovery pending resolution of Defendants' dispositive motion.

## II. THE FALSE CLAIMS ACT PRECLUDES RELATORS FROM USING THE DISCOVERY PROCESS TO CURE RULE 9(b) DEFICIENCIES.

A stay of discovery is particularly appropriate in cases, such as this one, where a motion to dismiss challenges a relator's False Claims Act complaint based upon Rule 9(b)'s heightened pleading requirements. The *qui tam* provisions of the False Claims Act permit whistleblowers with independent knowledge of false claims submitted to the United States to bring suit on the government's behalf. *See Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (the False Claims Act's *qui tam* provisions "are meant to encourage *insiders privy to fraud on the government to blow the whistle . . .*") (emphasis in original).

But to pursue a False Claims Act cause of action on behalf of the government, a relator must be able to sufficiently plead a cause of action under Rule 9(b)—without resorting to discovery to attempt to do so. *See U.S. ex rel.*

- 5 -

DEFENDANTS DJO LLC, BIOMET, INC., AND EBI LLC F/K/A EBI LP'S JOINT NOTICE OF MOTION AND MOTION TO STAY DISCOVERY; MEMO. OF POINTS AND AUTHORITIES

*Cafasso v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1057 (9th Cir. 2011) (Rule 9(b) serves to "deter the filing of complaints as a pretext for discovery") (quoting *Bly-Magee,* 236 F.3d at 1018); *State of Cal. ex rel. Mueller v. Walgreen Corp.*, 175 F.R.D. 638, 639 (N.D. Cal. 1997) ("Indeed, one purpose of Rule 9(b) particularity requirements is to inhibit the filing of a complaint as a pretext for the discovery of unknown wrongs. As with other claims alleging fraudulent conduct, a claim for relief under the California False Claims Act requires that the plaintiff, *prior to filing his claim,* possess a reasonable belief based upon articulable facts that a wrong has occurred. The claim itself cannot be used as a means for discovering that wrong.") (internal citations omitted; emphasis in original). Because "a qui tam plaintiff, who has suffered no injury in fact, may be particularly likely to file suit as 'a pretext to uncover unknown wrongs,' " "courts have repeatedly refused to allow qui tam relators to rely on later discovery to comply with Rule 9(b)'s pleading requirements." *U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 231 (1st Cir. 2004).

      Rule 9(b) thus "stand[s] as a gatekeeper to discovery" and precludes a party from using discovery as "a search for new claims"; any discovery in a *qui tam* suit should be targeted only to claims that have been sufficiently pled. *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185, 195 (5th Cir. 2009); *see also U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1359 (11th Cir. 2006) ("The particularity requirement of Rule 9 is a nullity if Plaintiff gets a ticket to the discovery process without identifying a single claim.") (citation omitted); *U.S. ex rel. Roop v. Hypoguard USA, Inc.,* 559 F.3d 818, 822 (8th Cir. 2009) ("The district court properly rejected [Plaintiff's] request at the motion hearing for time to conduct discovery to satisfy Rule 9(b)'s particularity requirement."). This Court has specifically recognized that "Rule 9(b) is designed to prevent the filing of a claim as a 'pretext for the discovery of unknown wrongs' " and accordingly found good cause to stay discovery to avoid undermining the purpose and intent of Rule 9(b).

*Kennedy v. Full Tilt Poker*, No. 2:09-cv-07964, D.E. 71, Minute Order at 3-4 (C.D. Cal. May 6, 2010) (citation omitted).

Consistent with these principles, courts routinely agree that whistleblowers must be able to plead a claim with for relief with particularity without resorting to the discovery process. *See Clancy v. The Bromley Tea Co.*, 2013 WL 4081632, at *3 (N.D. Cal. Aug. 9, 2013) (finding that Rule 9(b) requires "a party to state with particularity the circumstances constituting fraud or mistake" and that when "the allegations of the complaint fail to establish the requisite elements," the sound practice is to "determine whether there is any reasonable likelihood that the plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery") (internal quotations omitted); *see also U.S. ex rel. Liotine v. CDW-Government, Inc.*, 2009 WL 720958, at *1, *3 (S.D. Ill. Mar. 18, 2009) (staying discovery pending ruling on motion to dismiss, and noting that "the purpose of the heightened pleading requirement in a fraud case is frustrated by allowing a relator to make vague claims of fraud, and then permitting him to engage in discovery in the hope of uncovering enough specifics to adequately plead a case"); *U.S. ex rel. Lusby v. Rolls-Royce Corp.*, 2007 WL 4557773, at *2, *8 (S.D. Ind. Dec. 20, 2007) (staying discovery pending resolution of defendant's motion for judgment on the pleadings where the defendant argued that the complaint fell short of the particularity required by Rule 9(b)); *U.S. ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Ga.*, 755 F. Supp. 1040, 1051 (S.D. Ga. 1990) (prohibiting relator from engaging in discovery to comply with heightened pleading obligations under Rule 9(b)).

Accordingly, a stay of discovery is appropriate to comport with Rule 9(b)'s requirements that a relator plead fraud with particularity from the outset rather than using discovery as a tool to uncover alleged wrongdoing.

### III. THE REQUESTED STAY OF DISCOVERY WILL NOT PREJUDICE RELATORS.

As noted above, a stay of discovery pending resolution of Defendants' motion to dismiss will not prejudice Relator. *See, e.g., IPVX Patent Holdings, Inc. v. 8X8, Inc.*, 2013 WL 6000590, at *2 (N.D. Cal. Nov. 12, 2013) (granting limited stay of discovery pending resolution of threshold motion where the plaintiff "has not shown that a limited stay of discovery will impose any unfair prejudice on it"). The motion-to-dismiss briefing will be completed within a short time frame, the motion is set for hearing on May 5, 2014, and no scheduling order regarding discovery has been entered in the case. Defendants' requested stay will not affect any existing discovery deadlines. Given that the Relators have already delayed this matter by filing two amended complaints since they filed the case in October 2012, a stay pending resolution of a potentially dispositive motion will not cause a prejudicial delay. By contrast, if a stay were not granted while Defendants' dispositive motion is pending, disproportionate and unnecessary burdens would be imposed on the Defendants who will be forced to respond to expensive, time-consuming discovery requests on purportedly "nationwide" causes of action spanning more than a decade that are deficiently pled. In the interest of conserving litigant and judicial resources, discovery should be stayed until the Court determines whether Relators' claims are subject to dismissal.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an order staying discovery pending resolution of Defendants' joint motion to dismiss.

Respectfully submitted,

Dated: January 30, 2014          REED SMITH LLP

- 8 -

DEFENDANTS DJO LLC, BIOMET, INC., AND EBI LLC F/K/A EBI LP'S JOINT NOTICE OF MOTION AND MOTION TO STAY DISCOVERY; MEMO. OF POINTS AND AUTHORITIES

|   |   |
|---|---|
|   | /s/ Francisca M. Mok[2]<br>Francisca M. Mok (SBN: 206063)<br>Thomas H. Suddath, Jr. (*pro hac vice*)<br>*Attorneys for Defendant DJO LLC* |
| Dated: January 30, 2014 | HOGAN LOVELLS US LLP |
|   | /s/ Dean Hansell<br>Dean Hansell (SBN: 93831)<br>Michele W. Sartori (*pro hac vice*)<br>Jessica L. Ellsworth (*pro hac vice*)<br>*Attorneys for Biomet, Inc. and*<br>*EBI LLC f/k/a EBI LP* |

---

[2] Pursuant to Local Rule 5-4.3.4(2)(i), filing counsel attests that all other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

- 9 -