1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* Doris Modglin and Russ Milko,<br><br>                    Plaintiffs,<br><br>            vs.<br><br>DJO GLOBAL INC., DJO LLC, DJO FINANCE LLC, ORTHOFIX, INC., BIOMET, INC. and EBI, LP,<br><br>                    Defendants. | CASE NO. CV 12-07152 MMM (JCGx)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY |

17

18

19

20

21

22

23

24

 *Qui tam* plaintiffs Doris Modglin and Russ Milko filed this False Claims Act ("FCA") case against defendants DJO Global Inc., DJO, LLC, DJO Finance LLC, Orthofix, Inc., Biomet, Inc., and EBI, LP under seal on August 20, 2012.[1]  On December 26, 2012, plaintiffs filed a first amended complaint.[2]  On May 17, 2013, the United States declined to intervene in the case.[3]  On July 19, 2013, the States of California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Illinois, Indiana, Iowa, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Montana, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina,

25

26

27

28

---

[1]Complaint, Docket No. 1 (Aug. 20, 2012).

[2]First Amended Complaint, Docket No. 8 (Dec. 26, 2012).

[3]The United States' Election to Decline Intervention, Docket No. 9 (May 17, 2012).

1   Oklahoma, Rhode Island, Tennessee, Texas, Virginia, Wisconsin, and the District of Columbia

2   also declined to intervene in the action.[4]  The court unsealed the action that same day.[5]

3       On November 8, 2013, plaintiffs filed a second amended complaint.[6]  Defendants moved

4   to dismiss the second amended complaint on January 20, 2014; their motion is set for hearing on

5   May 5, 2014.[7]  On January 30, 2014, defendants filed a motion to stay discovery pending the

6   resolution of the motion to dismiss.[8]  Defendants set the motion for hearing on March 10, 2014,

7   although that date was closed on the court's calendar.  Rather than strike the motion or set it for

8   a different date, the court found the motion appropriate for decision without oral argument and

9   vacated the hearing.  It directed plaintiffs to file opposition by February 14, 2014,[9] which they

10  did.[10]

11

12                          **I.  DISCUSSION**

13  **A.      Legal Standard Governing Stays of Discovery**

14      The court has the discretion to stay discovery as part of its "inherent power to control the

15  disposition of the causes on its docket in a manner which will promote economy of time and effort

16  for itself, for counsel, and for litigants."  *Moser v. Encore Capital Grp., Inc.*, No.04CV2085-

17  LAB, 2007 WL 1114113, *3 (S.D. Cal. Mar. 27, 2007) (citing *Filtrol Corp. v. Kelleher*, 467

18  F.2d 242 (9th Cir. 1972)); see also *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (a district

19

20

21  [4]States' Election to Decline Intervention, Docket No. 13 (July 19, 2013).

22  [5]Docket (July 19, 2013).

23  [6]Second Amended Complaint, Docket No. 43 (Nov. 8, 2013).

24  [7]Motion to Dismiss, Docket No. 46 (Jan. 20, 2014).

25  [8]Motion to Stay Discovery, Docket No. 51 (Jan. 30, 2014).

26
27  [9]Order Setting Briefing Schedule; Taking Motion off Calendar, Docket No. 53 (Feb. 5, 2014).

28  [10]Opposition to Motion to Stay Discovery ("Opposition"), Docket No. 55 (Feb. 14, 2014).

2

1   court has the discretion to stay proceedings pending before it).  Any decision to stay discovery

2   should take into consideration the court's obligation "to secure the just, speedy, and inexpensive

3   determination of every action." FED.R.CIV.PROC. 1.  The Supreme Court has stated:

4       "A stay is not a matter of right, even if irreparable injury might otherwise result.

5       It is instead an exercise of judicial discretion, and the propriety of its issue is

6       dependent upon the circumstances of the particular case.  The party requesting a

7       stay bears the burden of showing that the circumstances justify an exercise of that

8       discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).

9       "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of

10   discovery when a potentially dispositive motion is pending." *Shift4 Corp. v. Martin*, No.

11   2:11–cv–01315–MMD–PAL, 2012 WL 3206027, *2 (D. Nev. Aug. 3, 2012) (citing *Skellercup*

12   *Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995) (stating that if the Federal

13   Rules contemplated that a motion to dismiss under Rule 12(b)(6) would stay discovery, the Rules

14   would have explicitly so stated, and finding that a stay of discovery was directly at odds with the

15   need for the expeditious resolution of litigation)).  Nonetheless, a district court has broad

16   discretion to stay discovery pending resolution of a potentially dispositive motion.  See

17   *Schoppe-Rico v. Lewis*, No. C 11–04283 YGR, 2012 WL 3022441, *1 (N.D. Cal. July 24, 2012)

18   (citing *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985); *Scroggins*

19   *v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976); *Hovermale v. School Bd. of*

20   *Hillsborough County*, 128 F.R.D. 287, 289 (M.D. Fla. 1989)).

21       **B.**    **Whether the Court Should Stay Discovery**

22       Defendants argue that the court should stay discovery in this case because such a stay is

23   appropriate in FCA cases.  The court agrees.  In the Ninth Circuit, "[t]he heightened pleading

24   standard of Rule 9(b) governs FCA claims." *Cafasso, United States ex rel. v. General Dynamics*

25   *C4 Systems, Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011).  "'[Q]ui tam suits are meant to encourage

26   insiders privy to a fraud on the government to blow the whistle on the crime.'  Because 'insiders

27   privy to a fraud on the government' should have adequate knowledge of the wrongdoing at issue,

28   such insiders should be able to comply with Rule 9(b)." *Bly-Magee v. California*, 236 F.3d 1014,

1   1019 (9th Cir. 2001) (citing *Wang v. FMC Corp.*, 975 F.2d 1412, 1419 (9th Cir. 1992)). "Rule

2   9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which

3   they must defend, but also to deter the filing of complaints as a pretext for the discovery of

4   unknown wrongs, to protect defendants from the harm that comes from being subject to fraud

5   charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and

6   society enormous social and economic costs absent some factual basis." *Id.* at 1018.

7          "[A]llowing a relator to plead generally at the outset and amend the complaint at the

8          12(b)(6) stage after discovery would be at odds with the FCA's procedures for

9          filing a qui tam action and its protections for the government. . . .   Other courts

10         have repeatedly refused to allow qui tam relators to rely on later discovery to

11         comply with Rule 9(b)'s pleading requirements. . . .   The reluctance of courts to

12         permit qui tam relators to use discovery to meet the requirements of Rule 9(b)

13         reflects, in part, a concern that a qui tam plaintiff, who has suffered no injury in

14         fact, may be particularly likely to file suit as 'a pretext to uncover unknown

15         wrongs.'" *United States ex rel. Karvelas v. Melrose-Wakefield Hospital*, 360 F.3d

16         220, 231 (1st Cir. 2004), abrogation on other grounds recognized by *United States*

17         *ex rel. Gagne v. City of Worcestor*, 565 F.3d 140 (1st Cir. 2009).

18         For these reasons, California district courts have found that it is proper in FCA cases

19   where a motion to dismiss for failure to plead fraud with particularity is pending to stay discovery

20   until the court has had the opportunity to decide whether the complaint satisfies the heightened

21   pleading requirements of Rule 9(b).   See, e.g., *East Bay Municipal Utility District v. Balfour*

22   *Beatty Infrastructure, Inc.*, Case No. 13–cv–02032–WHO, 2013 WL 6698897, *9-10 (N.D. Cal.

23   Dec. 19, 2013) (denying *qui tam* plaintiffs' request to compel defendants to respond to discovery,

24   and stating that "[q]ui [t]am [p]laintiffs are not entitled to take further discovery until they file a

25   complaint that complies with Rule 9(b)"); *State of California ex re. Mueller v. Walgreen Corp.*,

26   175 F.R.D. 638, 639 (N.D. Cal. 1997) (denying plaintiff's request to extend the deadline to file

27   an amended complaint after the court granted defendant's motion to dismiss because, "in granting

28   leave to amend, the Court did not intend to permit plaintiff to engage in formal discovery in order

1    to cure the Rule 9(b) deficiencies noted in the May 27, 1997 Order.  Indeed, one purpose of Rule

2    9(b) particularity requirements is to inhibit the filing of a complaint as a pretext for the discovery

3    of unknown wrongs.  As with other claims alleging fraudulent conduct, a claim for relief under

4    the California False Claims Act requires that the plaintiff, prior to filing his claim, possess a

5    reasonable belief based upon articulable facts that a wrong has occurred.  The claim itself cannot

6    be used as a means for discovering that wrong"); see also *United States ex rel. Liotine v. CDW-*

7    *Government, Inc.*, Civil No. 05–033–DRH, 2009 WL 720958, *1-3 (S.D. Ill. Mar. 18, 2009)

8    (granting a motion to stay in an FCA case until court had decided a motion to dismiss because "the

9    purpose of the heightened pleading requirement in a fraud case is frustrated by allowing a relator

10   to make vague claims of fraud, and then permitting him to engage in discovery in the hope of

11   uncovering enough specifics to adequately plead a case").

12          Here, plaintiffs have asserted an FCA claim against defendants.  Plaintiffs' opposition

13   concedes that their complaint alleges a "fraudulent scheme," but does not address any of the

14   authority cited by defendants in support of staying discovery.  Nor does it argue that defendants

15   are not likely to succeed on their motion to dismiss because plaintiffs have pled their allegations

16   with sufficient specificity under Rule 9(b).[11]  Rather, plaintiffs focus on other reasons they believe

17   the complaint adequately alleges an FCA claim.  For example, plaintiffs disagree with defendants'

18   argument that they have conflated the roles and responsibilities of the Federal Drug Administration

19   ("FDA") and the Center for Medicare and Medicaid Services ("CMS"), and assert that

20   defendants' motion fails to cite relevant and controlling Ninth Circuit precedent on this issue.[12]

21   Plaintiffs also argue that defendants' motion to dismiss misapprehends a physician's role in the

22   Medicaid claims process and misconstrues the complaint as alleging a "promotion" theory of FCA

23   liability rather than a theory based on the physicians' presentation of false claims.[13]  Absent a

24   showing by plaintiffs that there is no need to stay discovery under *Cafasso* and *Bly-Magee*, and

25   ───────────────

26          [11]See Opposition at 15.

27          [12]*Id.* at 4-11.

28          [13]*Id.* at 11-16.

1  because the purpose of the FCA is furthered by granting a stay until the court has determined

2  whether plaintiffs have stated a fraud claim under Rule 9(b), the court grants defendants' motion

3  and stays discovery until it has ruled on the pending motion to dismiss.

4

5  **II.  CONCLUSION**

6       For the reasons stated, the court grants defendants' motion to stay discovery until

7  defendants' pending motion to dismiss the second amended complaint has been decided.

8

9  DATED: February 20, 2014

10                            MARGARET M. MORROW
                          UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28